BOYCE IRON WORKS, INC.,
Petitioner,

v.

SOUTHWESTERN BELL TELEPHONE COMPANY, Respondent.

No. C–6376.

Supreme Court of Texas.

April 6, 1988.

Robert J. Hearon, Jr., Graves, Dougherty, Hearon & Moody, Austin, Marlin L. Gilbert, San Antonio, David H. Donaldson, Jr., Pamela Stanton Baron, Graves, Dougherty, Hearon & Moody, Austin, for respondent.

Mack Kidd, Thomas R. Harkness, Kidd, Whitehurst, Harkness & Watson, Douglas W. Alexander, Brown, Maroney, Rose, Barber & Dye, Austin, for petitioner.

MAUZY, Justice.

Boyce Iron Works, Inc. sued Southwestern Bell Telephone Company on alternative theories of negligence and violations of the Deceptive Trade Practices—Consumer Protection Act when a fire destroyed Boyce's offices. In accordance with a jury verdict, the trial court rendered judgment on Boyce's DTPA claim, awarding $229,596.88 actual damages, $110,937.99 in prejudgment interest, and $500,000.00 in additional damages and attorneys' fees. The court of appeals reversed and rendered judgment that Boyce take nothing. 726 S.W.2d 182. We reverse the judgment of the court of appeals and remand the cause to that court for further consideration.

Boyce maintained a silent burglar alarm to secure its premises. At approximately 5 p.m. on Friday, October 9, 1981, Boyce employees became aware of a problem in the telephone line that connected the system to the alarm company's office. Boyce officials did not notify Southwestern Bell because they believed that it was Southwestern Bell's policy that no repairs were performed after business hours, and that Monday would be the earliest that the line could be repaired.

During the early morning hours on October 10, 1981, burglars started a fire that consumed the Boyce premises. Boyce brought suit against Southwestern Bell and Master Burglar Alarm. The case was tried on alternative theories of negligence and violations of the DTPA. The jury found that Master Burglar Alarm was negligent and the judgment awarded Boyce $25,-000.00 in damages. Master Burglar Alarm is not a party on appeal. The jury answered issues against Southwestern Bell on both theories of recovery. A judgment was rendered against Southwestern Bell, granting the more favorable relief available under the DTPA. The judgment incorporated the jury's verdict "for all purposes." The court of appeals reversed,

concluding that no evidence supported the finding that Southwestern Bell's misrepresentations were a "producing cause" of Boyce's actual damages. 726 S.W.2d at 187. In cross-point, Boyce urged that if the court reversed the DTPA judgment, it should nevertheless render judgment for Boyce on its alternative negligence theory. The court of appeals rendered judgment that Boyce take nothing, concluding that Boyce waived its cross-point because no complaint was made in the trial court.

■ Boyce's first point of error, regarding the cross-point before the court of appeals, is dispositive in this case. When a party tries a case on alternative theories of recovery and a jury returns favorable findings on two or more theories, the party has a right to a judgment on the theory entitling him to the greatest or most favorable relief. *Hargrove v. Trinity Universal Insurance Co.*, 152 Tex. 243, 256 S.W.2d 73 (1953). *See also* 31 J. Wicker, *Texas Practice* § 306 (1985). Furthermore, under Tex. R.Civ.P. 301 the trial court's judgment must award the prevailing party all the relief to which he may be entitled.

■ in the trial court, Boyce moved for judgment seeking damages under the DTPA. The motion contained no waiver of the alternative negligence findings. In fact, the final judgment incorporated all jury findings, for all purposes. Under this court's holding in *Birchfield v. Texarkana Memorial Hospital*, 747 S.W.2d 361, (Tex. 1987), an election by the prevailing party is not necessary. When the jury returns favorable findings on two or more alternative theories, the prevailing party need not formally waive the alternative findings. That party may seek recovery under an alternative theory if the judgment is reversed on appeal.

■ Generally, before a party may complain by cross-point on appeal, the error must have been brought to the trial court's attention. *West Texas Utilities Co. v. Irvin*, 161 Tex. 5; 336 S.W.2d 609 (1960). However, that rule does not apply in this case because Boyce received a favorable judgment and had no reason to complain in the trial court. Under *Chesshir v. First*

*State Bank*, 620 S.W.2d 101 (Tex.1981), Boyce had no duty to complain in the trial court before raising this cross-point before the court of appeals. In fact, Boyce was not required under *Chesshir* to raise the issue of alternative grounds for recovery until the court of appeals rendered its judgment reversing the DTPA judgment. 620 S.W.2d at 101. *Accord Houston First American Savings v. Musick*, 650 S.W.2d 764, 770 (Tex.1983); *McKelvy v. Barber*, 381 S.W.2d 59, 62 (Tex.1964). Boyce had no duty to complain in the trial court when it recovered all relief available under its DTPA claim. By incorporating the jury's findings in the court's judgment, Boyce did everything it could to preserve the right of recovery under the alternative theory.

The court of appeals erred in concluding that Boyce waived its right to recover under the alternative negligence theory. We hold that the court of appeals erred in failing to consider Boyce's negligence claims. We therefore reverse the judgment of the court of appeals and remand the cause to that court for consideration of Boyce's negligence claims.