**OAK PARK TOWNHOUSES, General Partnership and Clark E. Flournoy, Petitioners,**

v.

**BRAZOSPORT BANK OF TEXAS, N.A., Respondent.**

No. D–3138.

Supreme Court of Texas.

March 24, 1993.

Rehearing Overruled May 19, 1993.

Gary L. McConnell, Angleton, for petitioners.

R. Hayden Burns, James R. O'Donnell, Houston, for respondent.

PER CURIAM.

The issue before this court is whether a party waives its alternative grounds for denying recovery if it does not object to the judgment in the trial court. In accordance with a jury finding, the trial court rendered judgment denying recovery on a note based on usury. The court of appeals reversed and remanded. 837 S.W.2d 652. We re-

*Inc.,* 824 S.W.2d 713, 717 (Tex.App.—Houston [1st Dist.] 1992, writ denied).

verse the judgment of the court of appeals and remand the cause to that court for further consideration.

Brazosport Bank of Texas (Brazosport) sued Oak Park Townhouses, Charles Flournoy (Oak Park) and others on a note.[1]

Although Oak Park admitted execution of the note, it sought to deny liability based on several grounds including illegality, breach of fiduciary duty, breach of contract, economic duress, fraud, mutual mistake and usury. The jury answered questions against Brazosport on several grounds.[2] The trial court rendered judgment against Brazosport denying recovery on the note based upon usury. The trial court also awarded damages based upon usury and breach of fiduciary duty. The judgment incorporated the jury's verdict "for all purposes," but did not mention or refer to the other grounds for denial of recovery.

The court of appeals reversed the trial court's judgment against Brazosport based on usury and breach of fiduciary duty and allowed Brazosport to recover on the note. On motion for rehearing, Oak Park urged that although the court held recovery was improperly denied based on usury, it should nevertheless render judgment for Oak Park based on its other grounds for denial of recovery. The court of appeals did not address Oak Park's other grounds for denying recovery.

Brazosport asserts that Oak Park waived its alternative grounds denying recovery because it did not object to the judgment in the trial court. We disagree.

■ Generally, before a party may complain on appeal, an error must be brought to the trial court's attention. *West Texas Utilities Co. v. Irvin,* 161 Tex. 5, 7, 336 S.W.2d 609, 610 (1960). However, a party who obtains a favorable judgment on a

verdict that allows recovery based upon some but not all of the jury findings has no reason to complain at the trial court. In *Boyce Iron Works v. S.W. Bell Telephone,* 747 S.W.2d 785 (Tex.1988), Boyce sought damages based on alternative theories of negligence and violations of the Texas Deceptive Trade Practices Act (DTPA). *Id.* at 787. Boyce obtained favorable jury findings on both theories and moved for judgment under the DTPA. *Id.* This motion contained no waiver of the alternative findings of negligence. *Id.*

This court stated that Boyce had no duty to complain in the trial court before raising its alternative grounds of recovery in the court of appeals. *Id.* Boyce was required to raise its alternative grounds for recovery only after the court of appeals rendered its judgment reversing the DTPA judgment. *Id.* By incorporating the jury's findings in the court's judgment, Boyce did everything it could to preserve the right to recovery under the alternative theory. *Id.*

■ Likewise, a party who obtains a favorable judgment on a verdict that denies recovery based upon some but not all of the jury findings has no duty to complain at the trial court. A party may seek to avoid recovery under an alternative ground if the judgment is reversed on appeal.[3] Thus, we conclude that a party does not waive alternative grounds that deny recovery when a judgment denies recovery on another ground that is later reversed. *See Boyce Iron Works v. S.W. Bell Telephone,* 747 S.W.2d at 787.

■ In this case, the judgment states that Brazosport forfeited any recovery on the note against Oak Park since it charged usurious interest. The court of appeals allowed Brazosport to recover on the note because it rejected the trial court's denial

---

1. Brazosport also sued Charles Claiborne, Linda Claiborne, M.B. Anders and Ruby Anders, however, they are not parties to this appeal.

2. The jury returned answers against Brazosport on the following grounds that would possibly deny recovery on the note: (1) mutual mistake; (2) economic duress; (3) breach of contract; and (4) fraud.

3. However, a party must raise alternative grounds for denying recovery in the court of appeals, either in its reply brief or on motion for rehearing. *See Chesshir v. First State Bank of Morton, Texas,* 620 S.W.2d 101, 102 (Tex. 1981).

of recovery based on usury. Since the jury answered questions regarding Oak Park's alternative grounds that might deny Brazosport's recovery, the court of appeals erred by allowing Brazosport to recover from Oak Park on the note without first considering the alternative grounds for denying recovery raised in Oak Park's motion for rehearing.[4]

Pursuant to Rule 170 of the Texas Rules of Appellate Procedure, a majority of this court, without hearing oral argument, grants Oak Park's application for writ of error, reverses the judgment of the court of appeals, and remands the cause to that court for further consideration. Brazosport's application for writ of error is denied.

4. We express no opinion concerning the propriety of the court of appeals' reasoning regarding the basis for reversal of the trial court's judgment. We also express no opinion regarding the merits of Oak Park's other possible grounds for avoiding liability on the note.