**BRAZOSPORT BANK OF TEXAS, Appellant,**

v.

**Clark E. FLOURNOY, Appellee.**

No. 12–97–00287–CV

Court of Appeals of Texas, Tyler.

Jan. 29, 1999.

Hayden Burns, Houston, for appellant.

Lynn J. Klement, Lufkin, for appellee.

Before RAMEY, Jr., C.J., Hadden, J., and WORTHEN, J.

RAMEY, Chief Justice.

This appeal is the most recent of several which have arisen between the above-named parties and others. The instant dispute pertains to the affirmative recovery of damages by a counterclaimant, Clark E. Flournoy ("Flournoy"), from the original plaintiff, Brazosport Bank of Texas ("Bank"). Initially, Bank had sued the promisor-developer, a general partnership, Oak Park Townhouses ("Oak Park") and the guarantor, Flournoy, for money owed on a defaulted promissory note. The jury findings favored Flournoy against the Bank on two general theories: (1) usury, violation of TEX.REV.CIV. STAT. ANN. art. 342–508 and breach of fiduciary duty ("Jury Findings I") and (2) the alternative theories of DTPA violations, fraudulent misrepresentations and negligent misrepresentation ("Jury Findings II"). The Fourteenth Court of Appeals had held that there was no evidence to support counterclaimants' recovery against the Bank on Jury Findings I. Because Flournoy did not preserve his claim for an affirmative recovery under Jury Findings II, we hold that Flournoy recover nothing against Bank.

For the sixth time this controversy is before a tribunal for decision. To understand the tortuous background of this litigation, we will offer a concise overview. Two trial court judgments,[1] two courts of appeal opinions[2] and a supreme court per curiam opinion[3] have previously defined and disposed of much of the dispute. Initially, the Bank sued Oak Park and Flournoy[4] on a promissory note. Oak Park and Flournoy answered and counterclaimed on numerous grounds. As stated, the jury verdict favored the counterclaimants on all grounds. The Bank and Oak Park claims were finally concluded without recovery by either party. The remaining appellate issues for our consideration pertain to Bank's points of error asserting that the trial court erred in ordering Bank to pay counterclaimant Flournoy damages under Jury Findings II.

After the jury verdict was received in 1989, the trial court rendered judgment granting no relief to the Bank on its promissory note cause of action, but the counterclaimants recovered damages against the Bank because it had charged usurious interest as well as breached the Bank's fiduciary duty to them. (Jury Findings I.)[5] Bank challenged the usury and fiduciary duty findings in its motion for rehearing, which motion was overruled, and also in its later appeal to the 14th Court of Appeals ("14th court").

Thereafter, the 14th court reversed and remanded the trial court judgment holding that there was no evidence to support the trial court judgment for the counterclaimants on Jury Findings I. The court also held that the Bank recover on its note but did not address the other findings in support of the denial of the Bank's recovery. Thereafter, the counterclaimants asserted in their motion for rehearing and later in their petition for writ of error that the 14th court erred in not considering the favorable alternative findings, Jury Findings II, in granting Bank's recovery on the note. Counterclaimants, however, made no contention that the alternative findings supported an affirmative recovery of damages against the Bank.

The Supreme Court reversed and remanded the case to the 14th court holding that

---

1. Dated December 1989 and March 1997.

2. Fourteenth Court of Appeals opinions: (1) dated April 1992 (837 S.W.2d 652) and (2) dated December 1994 (889 S.W.2d 676).

3. Dated March 1997.

4. Margaret Flournoy has also been a party, but her liability and claims have heretofore been resolved.

5. By counterclaimants' election.

Oak Park had not waived their alternative grounds, Jury Findings II, solely as they pertain to the denial of Bank's recovery on the note. It also held that the 14th court should not have allowed the Bank to recover on its note without first considering those findings as grounds for denying that recovery.

On remand in its 1994 opinion, the 14th court held that the Bank's failure to challenge the alternative jury findings did waive their objections to note liability to the Bank on those grounds. Significantly, it also held that Flournoy should recover his affirmative damages from the Bank predicated upon Jury Findings II. The 14th court remanded the case to the trial court for determination of the amount of those damages. Thereafter, the trial court awarded Flournoy affirmative damages, prejudgment interest and attorneys' fees primarily based upon the jury's findings of the Bank's violations of the Deceptive Trade Practices Act. It is from this award that the instant appeal has been perfected.

In its first point of error, Bank asserts that the trial court erred in entering judgment on remand allowing counterclaimant Flournoy to recover on its DTPA claims because Flournoy did not preserve error after the 1992 14th court opinion denied his recovery on Jury Findings I. After the reversal of this recovery, Flournoy did not allege in his Motion for Rehearing that he should have recovered from Bank under Jury Findings II. Likewise, no such contentions for affirmative recovery were urged in Flournoy's application for writ of error in the supreme court. Had Flournoy asserted its claim for damages against the Bank in the supreme court, the supreme court then could have decided Flournoy's claim for damages against the Bank or remanded it to the court of appeals for consideration. *McKelvy v. Barber*, 381 S.W.2d 59, 64 (Tex.1964). Here, however, the point was not asserted and, the supreme court's per curiam opinion did not discuss Flournoy's claim but specifically limited the remand to the 14th court for consideration of the effect of the alternative findings upon *the denial of the Bank's recovery on its note*

*only. Oak Park Townhouses v. Brazosport Bank of Texas*, 851 S.W.2d 189 (Tex.1993).

As stated, the Bank likewise did not challenge any of the Jury's Findings II in its motion for rehearing after the 1989 trial court judgment. Absent challenges to these findings, the 14th court held that the Bank had waived error as to these grounds. *Brazosport Bank*, 889 S.W.2d at 686. Furthermore, the supreme court held that Flournoy did not waive his alternative grounds denying recovery by the Bank when the trial court judgment denied recovery on another specific ground that was later reversed. *Oak Park Townhouses*, 851 S.W.2d at 190. A party whose recovery was reversed by a court of appeals may recover on alternative grounds if properly preserved. *Id.*

■ The issue for our decision is whether a party may urge his claim for affirmative recovery on alternative grounds for the first time after his motion for rehearing of the adverse court of appeals opinion is overruled. The supreme court spoke to this issue in its oft-cited opinion in *Boyce Iron Works v. Southwestern Bell Telephone Company*, 747 S.W.2d 785, which dealt with analogous facts:

"In fact, Boyce was not required under *Chesshir* to raise the issue of alternative grounds for recovery *until the court of appeals rendered its judgment reversing the DTPA judgment.*" (Emphasis added.)

747 S.W.2d at 787; *Chesshir v. First State Bank*, 620 S.W.2d 101 (Tex.1981). This language in *Boyce* was confirmed in the supreme court's per curiam opinion in this case:

"Boyce was required to raise its alternative grounds for recovery *only after the court of appeals rendered its judgment reversing the DTPA judgment.*" (Emphasis added.)

*Oak Park Townhouses*, 851 S.W.2d at 190.

In the instant case, the 14th court's 1992 opinion reversed counterclaimants' recovery under the Jury's Findings I of charging usurious interest and breach of fiduciary duties. The issue of affirmative recovery under the alternative theories was not raised by Flournoy after reversal, in his subsequent motion for rehearing as researched by the court of last resort. *Id.* Contrary to the supreme

court's admonition, it has never been raised by Flournoy in any of the multiple proceedings since the 14th court's reversal in April 1992 until the trial court considered Flournoy's alternative claim in rendering its March 1997 judgment.

Furthermore, it appears that Flournoy affirmatively abandoned the disputed recovery. Even after the 1994 14th court's opinion "sua sponte" recognized Flournoy's claim under Jury Findings II, Flournoy affirmatively asserted in a motion for rehearing that this recovery should *not* be allowed:

> "The court of appeals mistakenly found in its opinion that the trial court judgment of $43,553.64 in favor of Flournoy was supported by the alternative findings of the jury on Flournoy's DTPA, fraud and negligent misrepresentation findings. These findings were negated by the jury's answers to questions nos. 9H and 12 which were favorable to appellant [Brazosport Bank] on the limitations questions. *As a result, the trial court cannot award Flournoy damages based on the jury's findings of DTPA violations, fraud, or negligent misrepresentation.*" (Emphasis added.)

This concession was repeated in Flournoy's reply to the Bank's petition for writ of error. Such acknowledgments by counsel did not preserve the claimed error and they amounted to an abandonment of the disputed claim. *Fort Bend County Drainage District v. Sbrusch,* 818 S.W.2d 392, 395 (Tex.1991); *Sedgwick v. Kirby Lumber Co.,* 130 Tex. 163, 107 S.W.2d 358, 359–60 (1937).

For the reasons stated, we must sustain the Bank's first point of error. It will not be necessary to address the Bank's remaining points of error.

The judgment of the trial court awarding damages to Flournoy against the Bank is reversed and rendered.