COURT OF
APPEALS

                                                    EIGHTH DISTRICT
OF TEXAS

                                                               EL
PASO, TEXAS

 

CRAIG GENERAL CONTRACTORS,
INC.,      )

                                                                              )           
No.  08-01-00135-CV

Appellant,                          )

                                                                              )                 Appeal from the

v.                                                                           )

                                                                              )             
160th District Court

ARLINGTON INDEPENDENT SCHOOL          )

DISTRICT,                                                           )          
of Dallas County, Texas

                                                                              )

Appellee.                           )          
(TC# DV-98-02716-H)

                                                                              )

 

O
P I N I O N

 

Appellant Craig
General Contractors, Inc. appeals from the jury=s
verdict for Appellee Arlington Independent School District (AAISD@).  Appellant brings five issues: 

(1)        The trial court erred in submitting a
broad-form question to the jury that included a breach of warranty issue;

(2)        the trial court erred in submitting a
question on breach of indemnity provision;

(3)        the trial court erred in submitting a
question on failure to perform in a good and workmanlike manner;

(4)        the jury=s
refusal to find AISD negligent is against the great weight and preponderance of
the evidence; and 

(5)        the jury=s
findings on damages is contrary to conclusive evidence and/or against the great
weight and preponderance of the evidence.

 

We affirm.








SUMMARY
OF THE EVIDENCE

On July 9, 1997,
Appellant and other subcontractors were at Sam Houston High School, a part of
AISD, to install and test out a new fire pump. 
That morning, a fire marshal was present when the test began and low
voltage readings that did not meet the standard were obtained.  The fire marshal instructed the parties to
stop the installation until they discovered the problem causing the low
readings.  The voltage readings were
intermittent, and the contractors continued with the test.  As the contractors started the pump around
the lunch hour, the power failed, and a fire occurred at the school from
explosions in the electrical connections, or the switchgear.

AISD brought suit
against Appellant for breach of contract, breach of warranties, negligent
misrepresentation, negligence, and fraud in the inducement.  The jury answered in favor of AISD on the
questions of breach of contract and negligence and awarded AISD $291,770 in
actual damages.  Including the attorney=s fees, the trial court entered
judgment for $429,270, $78,099.43 for 

pre-judgment interest, and
post-judgment interest at $79.94 per day. 
The judgment did not specify on which alternate theory of recovery the
award of damages was based.

DISCUSSION








When a party tries
a case on alternative theories of recovery, and the jury returns favorable
findings on two or more theories, the party has a right to a judgment on the
theory providing the greatest or most favorable relief.  Boyce Iron Works, Inc. v. Southwestern
Bell Tel. Co., 747 S.W.2d 785, 787 (Tex. 1988).  The jury awarded AISD the same amount,
$291,770, for each of the theories of recovery. 
The judgment does not state which theory of recovery the award of
damages was based, but under either the theory of breach of contract or of
negligence, the same amount would be recovered. 
In the first three issues, Appellant challenges only the submission of
the breach of the contract question to the jury and does not address the
submission of the question of negligence. 
Furthermore, Appellant, in the fourth issue, complains of the
sufficiency of the evidence of the negligence claim but not the breach of
contract claim.  Since the judgment could
have been based on either of the alternate theories for recovery, the trial
court=s
judgment cannot be reversed by challenging only one of the theories of the
recovery.  We see no need to address the
first four issues.  See, e.g., Ponton
v. Munro, 818 S.W.2d 865, 866-67 (Tex.App.--Corpus Christi 1991, no
writ).  

In the fifth
issue, Appellant argues the measure of the actual damages was improper.  In Texas, the scope of recoverable damages
associated with damage to property depends upon whether the injury is temporary
or permanent in nature.  Z.A.O., Inc.
v. Yarbrough Drive Ctr. Joint Venture, 50 S.W.3d 531, 545-46 (Tex.App.--El
Paso 2001, no pet.); Lone Star Dev. Corp. v. Reilly, 656 S.W.2d 521, 525
(Tex.App.‑‑Dallas 1983, writ ref=d
n.r.e.).  If an injury to property is
temporary in nature, the proper measure of damages is the reasonable cost of
the repairs necessary to restore the property to its condition immediately
prior to the injury plus the loss occasioned by being deprived of the use of the
property.  Lone Star Dev. Corp.,
656 S.W.2d at 525-26.  A>Stated
differently, the proper measure of damages for a temporary injury to real
property is the amount necessary to place the owner of the property in the same
position he occupied prior to the injury.=@ 
Id. at 526, quoting Kraft v. Langford, 565 S.W.2d 223, 227
(Tex. 1978).








Appellant does not
dispute that AISD spent $291,770 to repair the damages from the fire.  Since the correct measure of damages is the
amount spent to put AISD in the place it was before the injury to the property,
the jury properly awarded $291,770 in damages, or the amount spent to repair
the building and the switchgear.  We
overrule the fifth issue. 

The judgment of
the trial court is affirmed.

 

 

 

August
29, 2002

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 1

Larsen, McClure, and Chew, JJ.

 

(Do Not Publish)