**Supplemental Opinion on Overruling of Motion for Rehearing filed January 31, 2013.**



In The

# Fourteenth Court of Appeals

## NO. 14-11-00090-CV

### GEORGE E. GUIDRY AND DWIGHT W. ANDRUS INSURANCE, INC., Appellants

### V.

### ENVIRONMENTAL PROCEDURES, INC. AND ADVANCED WIRECLOTH INC., Appellees

**On Appeal from the 164th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2003-49520**

## SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

In a motion for rehearing, the Insureds have asked this court to reconsider its ruling, or alternatively, to render judgment in their favor on an alternative theory. *See Boyce Iron Works v. Bell Tel. Co.*, 747 S.W.2d 785, 787 (Tex. 1988) (explaining that the party that prevailed at trial on multiple theories may seek

recovery under one of the alternative theories if the judgment is reversed on appeal). Although we overrule the motion for rehearing, we issue this supplemental opinion to address the Insureds' alternative argument that, based on the jury's findings, they are entitled to judgment for (a) $75,000 in out-of-pocket damages; (b) $350,000 in attorneys' fees; (c) exemplary damages, and (d) pre- and post-judgment interest.

## A.    Out-of-Pocket Damages

In response to separate questions in the charge, the jury found that Guidry was negligent and that he engaged in an unfair or deceptive act or practice that caused damages to the Insureds. In a damages question predicated on an affirmative answer to either of these liability questions, the jury was asked to determine the sum of money, if any, that would fairly and reasonably compensate the Insureds for their damages, if any, that were caused by this conduct. In the portion of the damage question at issue in the Insureds' motion for rehearing, the jury was asked to answer the question by considering "[t]he difference, if any, between the value of what [the Insureds] received in the transaction and the purchase price or other value given for it." The jury answered, "$75,000." This is the full amount of the premium paid by the Insureds for the OMI policy. Thus, the jury found that the policy was worthless.

Although the Insureds were unaware when they purchased the policy that OMI was not an admitted carrier or that Guidry was not licensed to sell them the policy, they produced no evidence at trial that the policy was overpriced at the time it was placed. Instead, they asserted that the insurance was "worthless" because OMI "didn't pay anything at the time of that [*Derrick*] settlement" nine years later. Thus, rather than relying on acts or omissions that occurred at the time they

2

purchased the policy, the Insureds argued that they were harmed by Guidry's post-purchase failure to disclose (1) the report in November 1992 that Hugel had been sued for concealing the insolvency of another insurer, and (2) the July 1993 decline in OMI's rating. As previously noted, however, Guidry's failure to relay this information could not have harmed the Insureds unless OMI's nonpayment at the time of the *Derrick* settlement was the result of its inability to pay covered claims.

Because there is legally insufficient evidence that OMI was unable to pay a covered claim at that time and therefore paid the Insureds less than they were entitled to receive under the terms of the policy, there is legally insufficient evidence that Guidry's conduct caused the Insureds actual damages.[1]

## B.    Exemplary Damages and Attorneys' Fees

Based on its finding that Guidry misrepresented an insurance policy or the financial condition of an insurer, the jury assessed the Insureds attorneys' fees of $350,000 and exemplary damages of $1 million. *See* TEX. INS. CODE ANN. § 541.152(a)(1) (West Supp. 2012) ("A plaintiff who prevails in an action under this subchapter may obtain . . . the amount of actual damages, plus court costs and reasonable and necessary attorney's fees . . . ."); *id.* § 541.152(b) ("[O]n a finding by the trier of fact that the defendant knowingly committed the act complained of, the trier of fact may award an amount not to exceed three times the amount of actual damages.").[2]

---

[1] Moreover, it cannot reasonably be said that the policy was worthless inasmuch as it is undisputed that OMI paid the Insureds $500,000 in settlement of their claims. This fact also would prevent us from rendering the judgment that the Insureds seek.

[2] Although the Insureds' claims accrued under former article 21.21 of the Insurance Code, the sections relevant to their claims were recodified in 2003. Because they have cited to the current version of the Insurance Code, we have done so as well.

Because the Insureds are not entitled to a judgment awarding the actual damages they seek, they also are not entitled to recover exemplary damages or attorneys' fees. A plaintiff who does not recover actual damages cannot recover attorneys' fees under the Insurance Code. *State Farm Life Ins. v. Beaston*, 907 S.W.2d 430, 437 (Tex. 1995). And if the plaintiff cannot recover actual damages, then any award of exemplary damages necessarily would "exceed three times the amount of actual damages." *See* TEX. INS. CODE ANN. § 541.152(b).

We accordingly overrule the Insureds' motion for rehearing.

/s/ Tracy Christopher
Justice

Panel consists of Justices Frost, Brown, and Christopher.