

# NUMBER 13-18-00129-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ISRAEL SALINAS AND
HILDA SALINAS,                                                    Appellants,

v.

STATE FARM LLOYDS AND
TRUMAN DALE CREWS,                                               Appellees.

### On appeal from the 92nd District Court of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Perkes
Memorandum Opinion by Justice Longoria**

Appellants Israel and Hilda Salinas sued appellee State Farm Lloyds ("State Farm") for breach of their insurance contract. Judgment was entered in favor of the Salinases. After an ex parte hearing at which the Salinases were not present, the trial

court issued a modified final judgment that reduced the Salinases' award to zero. By two issues which we combine into one, the Salinases argue that the trial court erred in holding an ex parte hearing. We affirm.

## I. BACKGROUND

In April of 2012, the Salinases' house was hit by a hailstorm. In June of 2014, the Salinases filed suit against State Farm, alleging multiple causes of action, including breach of contract and unconscionable conduct. More specifically, the Salinases asserted that State Farm took advantage of their lack of knowledge in construction and insurance claims processes, misrepresented losses covered under the policy, and failed to promptly and reasonably investigate and pay the amount covered under the policy. On September 16, 2014, State Farm offered the Salinases a settlement of $25,900. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 42.002 (West, Westlaw through 2017 1st C.S.); TEX. R. CIV. P. 167.1. State Farm's settlement offer expired without a response from the Salinases.

The case proceeded to jury trial in June of 2017. The jury returned a verdict in favor of the Salinases. The jury found that State Farm breached the insurance contract it had with the Salinases and awarded the Salinases $10,500 for the breach of contract. The jury also found that State Farm had engaged in unconscionable conduct under the Texas Deceptive Trade Practices Act and awarded the Salinases $10,500 for the unconscionable conduct. The final judgment, as signed by the trial court in September of 2017, ordered that the Salinases be awarded $10,500 for State Farm's breach of contract, $9,066.82 for prejudgment interest, $10,500 for necessary and reasonable attorney's fees, and $8,097.05 for "costs of court," for a total of $38,163.87.

2

On October 10, 2017, State Farm filed a motion to modify the final judgment, arguing that application of Rule 167 required the court to enter a take-nothing judgment for the Salinases. *See* TEX. R. CIV. P. 167.4 (setting forth conditions for when litigation costs may be awarded to the offeror of a settlement offer). According to State Farm, its settlement offer "triggered an offset that exceeds [the Salinases'] monetary recovery at trial" because the final amount that the Salinases were awarded was less than eighty percent of what State Farm originally offered to the Salinases as a settlement. *See id*. The Salinases never filed a response to State Farm's motion to modify.

The trial court originally set the motion to modify to be heard on November 14, 2017. However, the trial court was unavailable on that day and reset the hearing for November 21, 2017. On that day, the judge's father-in-law passed away so the hearing was rescheduled for December 5, 2017. On that day, the hearing on the motion to modify was held before an associate judge, who ultimately decided that the original judge would be in a better position to rule on the matter. Both parties were present and were informed that the motion to modify would likely be heard on submission. However, on December 6, 2017, the trial court informed the parties that the trial court was going to reset the motion to modify hearing for December 11, 2017. The Salinases' counsel informed the trial court that he would be unavailable in person because he was being deposed in a federal case that day for his role as a trustee for Texas Southmost College. The trial court informed counsel for the Salinases that the trial court would hear the motion by telephone sometime between 8:15 a.m. and 8:30 a.m. Counsel for the Salinases agreed to appear via telephone for the hearing. Around 8:30 a.m. on December 11, 2017, the Salinases' counsel called the court; he was informed the trial court had not arrived yet but that

3

counsel would be called to participate in the hearing by 9:00 a.m. The Salinases' counsel did not receive a call from the trial court; instead, in the afternoon, State Farm's counsel called the Salinases' counsel to tell him that the trial court heard the motion to modify without him or the Salinases present.

The trial court signed a modified final judgment on December 11, 2017, which reduced the Salinases' award to zero and explained the trial court's reasoning for the modification as follows:

> The "total damages" found by the jury on Plaintiffs' breach of contract claim total $10,500. The monetary damages awarded for Plaintiffs' claim that State Farm engaged in unconscionable conduct are for the same amount ($10,500). As these identical amounts are damages for the same injury, pursuant to the one-satisfaction rule, Plaintiffs may recover damages under either of the legal theories under which damages are sought, but not under both. Thus, the amount of actual damages recoverable pursuant to the jury's verdict is $10,500. Because attorney's fees are allowable under Plaintiffs' breach of contract theory, the Court finds that Plaintiffs should recover under this theory rather than the "unconscionable conduct" theory. The applicable Policy deductible for Plaintiff's claims was $1,566.00, which reduces Plaintiffs' recoverable damages under breach of contract to $8,934.00.
>
> Plaintiffs' attorney's fees incurred prior to the October 4, 2014 expiration of Defendant's settlement offer were $3,150.00
>
> . . .
>
> Pursuant to Insurance Code Chapter 542, interest at a rate of 18% per annum would be payable on the amount due Plaintiffs under their breach of contract claim. Plaintiffs contend that such interest should be calculated from September 19, 2012. Interest from that date until October 4, 2014 totals $3,285.45 (745 days at $4.41/day).
>
> The amount of the judgment in Plaintiff's favor as of October 4, 2017 is therefore $15,354.45 ($8,934.00 in in [sic] recoverable damages, $3,135 [sic] in attorney's fees, and $3,285.45 in interest). This is an amount significantly less than 80 percent of State Farm's Offer of Settlement. Plaintiff's monetary damages are therefore significantly less favorable than State Farm's Offer of Settlement pursuant to Texas Rule of Civil Procedure 167.4, and State Farm is entitled to an award of its litigation costs as a setoff

4

to the jury's verdict. Pursuant to Rule 167.4(f), Plaintiffs are not able to recover attorney's fees after the date the Offer of Settlement was rejected. State Farm has shown litigation costs . . . totaling $31,254.35, which completely offsets the monetary damages awarded to the Plaintiffs. Accordingly, Plaintiffs take nothing against State Farm.

On January 5, 2018, the Salinases filed a motion to vacate the modified order. The Salinases did not challenge the trial court's application of the one-satisfaction rule or calculation of the monetary damages; rather, the Salinases argued that the modified final judgment should be vacated because it was granted as a result of an ex parte hearing, and thus the Salinases were denied their due process rights to present their arguments and objections at the hearing. The Salinases requested that the trial court reinstate the final judgment entered in September of 2017. The trial court never ruled on the Salinases' motion to vacate, and it was overruled as a matter of law. *See* Tex. R. Civ. P. 329b(c). This appeal followed.

## II. Ex Parte Hearing

In their sole issue, the Salinases argue that the trial court erred by issuing a modified final judgment after holding an ex parte hearing.

### A. Standard of Review and Applicable Law

"To reverse a judgment on the ground of judicial misconduct, we must find judicial impropriety coupled with probable prejudice to the complaining party." *Pitt v. Bradford Farms*, 843 S.W.2d 705, 706 (Tex. App.—Corpus Christi 1992, no writ) (citing *Silcott v. Oglesby,* 721 S.W.2d 290, 293 (Tex. 1986)); *see Erskine v. Baker*, 22 S.W.3d 537, 540 (Tex. App.—El Paso 2000, pet. denied) (reviewing a trial court's ex parte hearing for judicial misconduct); *see also Nealy v. Nealy*, No. 13-14-00689-CV, 2016 WL 4045240, at *2 (Tex. App.—Corpus Christi July 28, 2016, pet. denied) (mem. op.). The Texas Code

5

of Judicial Conduct provides that judges "shall not initiate, permit, or consider *ex parte* communications or other communications made to the judge outside the presence of the parties." TEX. CODE JUD. CONDUCT, Canon 3B(8), (West, Westlaw through 2017 1st C.S.).  Ex parte communications include any communication that involves "fewer than all parties who are legally entitled to be present during the discussion of any matter." *Randolph v. Texaco Expl. & Prod., Inc.*, 319 S.W.3d 831, 836 (Tex. App.—El Paso 2010, pet. denied).

## B. Discussion

### 1. Error

The record clearly indicates that ex parte communications were conducted between the trial court and State Farm's counsel.  The Salinases' counsel was being deposed in a federal case and informed the court of such; thus, the Salinases' counsel was unable to appear in person for the hearing on State Farm's motion to modify the judgment.  The Salinases' counsel and the trial court seemingly agreed to hear the motion via telephone, but for unspecified reasons, the trial court never called the Salinases' counsel.  State Farm's counsel informed the Salinases' counsel after the fact that the trial court held the hearing on the motion to modify without the Salinases' counsel present.  The Salinases had a right to be at the hearing, but the trial court proceeded without them and communicated only with State Farm at the hearing.  We conclude that the trial court held an improper ex parte hearing and that such conduct constituted error.  *See Erskine*, 22 S.W.3d at 540; *see also Nealy*, 2016 WL 4045240, at *2.

### 2. Harm

6

Having concluded that the trial court's ex parte hearing was an error, we must decide whether such error was harmful. *See Erskine*, 22 S.W.3d at 540; *Pitt*, 843 S.W.2d at 706; *see also* TEX. R. APP. P. 44.1. If all ex parte hearings were per se harmful error, the second prong of this test wouldn't exist. *See Erskine*, 22 S.W.3d at 540. To determine whether the ex parte hearing was harmful, we must examine "the record as a whole to determine whether the trial court's impropriety harmed" the Salinases. *Id*.

### a. Applicable Law

We review a trial court's application of the one-satisfaction rule de novo. *See Elness Swenson Graham Architects, Inc. v. RLJ II-C Austin Air, LP*, 520 S.W.3d 145, 163 (Tex. App.—Austin 2017, pet. denied).

> The one-satisfaction rule is 'the longstanding proposition that a plaintiff should not be compensated twice for the same injury.' . . . The application of the rule is not limited to tort claims, and whether the rule may be applied depends not on the cause of action asserted but rather on the injury sustained. Thus, if the plaintiff has suffered only one injury, even if based on 'overlapping and varied theories of liability,' the plaintiff may recover only once.

*Id*. at 162 (quoting *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 7 (Tex. 1991)).

"When a party tries a case on alternative theories of recovery and a jury returns favorable findings on two or more theories, the party has a right to a judgment on the theory entitling him to the greatest or most favorable relief." *Boyce Iron Works, Inc. v. Sw. Bell Tel. Co.*, 747 S.W.2d 785, 787 (Tex. 1988); *see Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 303 (Tex. 2006).

Under Rule 167, when the amount of the judgment is significantly less favorable to the offeree than the rejected offer, the trial court must award litigation costs to the

offeror.  *See* TEX. R. CIV. P. 167.4.  A judgment is "significantly less favorable" if it "would be less than 80 percent of the offer."  *Id*.

### b. Analysis

After examining the record, we find that the Salinases have failed to demonstrate how the ex parte hearing harmed them.  *See Erskine*, 22 S.W.3d at 540.  The Salinases contend that they were harmed by the ex parte hearing due to the trial court's erroneous application of the one-satisfaction rule; however, the Salinases fail to demonstrate that the trial court's application of the one-satisfaction rule was incorrect.  The Salinases quote a single case to argue that the trial court misapplied the one-satisfaction rule:  "[w]e noted that a plaintiff could pursue a cause of action in tort if the defendant's conduct could have resulted in liability even in the absence of a contract between the parties."  *Crawford v. Ace Sign, Inc.*, 917 S.W.2d 12, 13 (Tex. 1996).  The Salinases do not expound on this quote; they merely argue that this quote "would defeat the one injury rule."  But *Crawford* is not about the one-satisfaction rule, and the Salinases never explain how or why they should be able to recover under two alternative theories—breach of contract and unconscionable conduct—for the same injury.  *See id*.; *see also Tony Gullo Motors*, 212 S.W.3d at 303.  In the present case, the Salinases did not incur multiple injuries that were valued at $10,500 each; rather, the jury awarded the Salinases $10,500 under two different theories of liability—breach of contract and unconscionable conduct—to compensate them for a single injury:  State Farm's failure to pay out the money due under the insurance contract.  *See Elness Swenson Graham Architects*, 520 S.W.3d at 162 (concluding that the one-satisfaction rule can apply to both tort and breach-of-contract claims).

Applying the one-satisfaction rule would allow the Salinases to recover for breach of contract or unconscionable conduct but not both; recovering for both breach of contract and unconscionable conduct in this case would be allowing a double recovery, which is exactly what the one-satisfaction rule is designed to prevent. *See Stewart Title Guar.*, 822 S.W.2d at 7; *Elness Swenson Graham Architects*, 520 S.W.3d at 162. The Salinases can recover for breach of contract because that also allows the Salinases to recover the greatest amount in that they can also recover attorney's fees. *See Tony Gullo Motors*, 212 S.W.3d at 303. The Salinases' actual damages, taking the $10,500 for breach of contract and adding pre-judgment interest and attorney's fees incurred before the expiration of the settlement offer, total less than eighty percent of what State Farm offered in its original settlement, meaning State Farm would be entitled to offset the Salinases' award of damages with State Farm's litigation costs—$31,254.35. *See* TEX. R. CIV. P. 167.4. Therefore, the Salinases have not demonstrated how the ex parte hearing actually harmed them because they have not shown that the trial court's analysis was incorrect in any manner. *See Erskine*, 22 S.W.3d at 540.

In summary, the Salinases have not shown, on appeal or below, that their presence at the hearing would have made any difference in the trial court's application of the one-satisfaction rule. Because we concluded that the trial court correctly applied the one-satisfaction rule to offset the Salinases' award with State Farm's litigation costs, the Salinases have not demonstrated that the ex parte hearing led to an improper judgment that harmed them. *See Erskine*, 22 S.W.3d at 540; *see also* TEX. R. APP. P. 44.1; *Nealy*, 2016 WL 4045240, at *2. We overrule the Salinases' sole issue.

### III. CONCLUSION

9

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Delivered and filed the
11th day of April, 2019.