**Motion for En Banc Review Denied and Concurring Opinions filed March 18, 2021.**



In the

# Fourteenth Court of Appeals

---

### NO. 14-20-00169-CV

---

### IN THE INTEREST OF M.P., A CHILD

---

**On Appeal from the 306th District Court
Galveston County, Texas
Trial Court Cause No. 18-CP-0111**

---

### OPINION CONCURRING IN THE DENIAL OF EN BANC REVIEW

I write separately to further explain what appears to be an issue of first impression regarding the limited remand in this case. The court determined that legally- and factually-sufficient evidence supported the trial court's final order terminating Father's parental rights to his daughter "Maria" on the predicate ground of failure to comply with the court-ordered family-service plan and the best-interest ground. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(O), (b)(2). As only one predicate ground and the best-interest ground are necessary to support termination of parental rights, the court affirmed the trial court's termination of

Father's parental rights. However, the court also addressed the trial court's findings that Father endangered Maria based on the supreme court's instructions that endangerment grounds must be reviewed due to the collateral consequence of a finding of endangerment. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E) (endangerment grounds); *In re N.G.*, 577 S.W.3d 230, 237–39 (Tex. 2019) (requiring appellate courts to "review the legal and factual sufficiency of the evidence" of D and E predicate termination grounds to satisfy due process); *see also* Tex. Fam. Code Ann. § 161.001(b)(1)(M) (findings on D and E grounds may be used in future termination of parental rights for different children).

After reviewing the legal and factual sufficiency of the evidence on grounds D and E as required by *N.G.*, this court concluded that while the evidence was legally sufficient, the evidence was nonetheless factually insufficient to support the trial court's affirmative findings on these grounds. What is the proper disposition under these circumstances? That question appears to be one of first impression in this court.[1] On the one hand, given there is sufficient evidence to terminate Father's parental rights, it is tempting, given the urgency of parental-termination cases, to simply affirm the termination on the O ground and render judgment deleting the D and E findings. The remedy for a successful factual-sufficiency challenge, however, is not rendition of judgment, but remand for a new trial. *See Pool v. Ford Motor Co.*, 715 S.W.2d 629, 634 (Tex. 1986).

What, then, is the scope of the new trial on remand? Father argues that the entire case should be re-tried. Under the Texas Rules of Appellate Procedure,

---

[1] At least one court has modified a trial court's judgment to delete an endangerment finding after holding that the evidence was factually insufficient to support that finding and affirming termination on other grounds, effectively rendering judgment on factual insufficiency. *See In re H.J.Y.S.*, No. 10-19-00325-CV, 2019 WL 8071614, at *10 (Tex. App.—Waco Feb. 26, 2019, no pet.) (mem. op.). The opinion, however, does not explain how the court reached this conclusion, and for the reasons stated herein the court did not follow that approach in this case.

however, "[i]f the error affects part of, but not all, the matter in controversy and that part is separable without unfairness to the parties, the judgment must be reversed and a new trial ordered only as to the part affected by the error." Tex. R. App. P. 44.1(b). Here, the trial court made separate findings on the D, E, and O grounds, which involve discrete and materially different inquiries.[2] Moreover, under the facts of this case as analyzed in the majority opinion, the factual bases of the predicate grounds do not overlap to such an extent as to preclude a limited remand. Under these circumstances, the D and E grounds can be re-tried separately without unfairness to the parties.

Parental-termination proceedings necessarily involve important and competing rights and interests. As explained by the supreme court in *N.G.*, Father has due-process and due-course-of-law rights to have this court review the trial court's endangerment findings regardless of the court's conclusions as to other predicate findings; and he has a right to a new trial on the endangerment findings if the evidence is factually insufficient. On the other side of the ledger, the

---

[2] Family Code section 161.001(b)(1) provides for termination of parental rights if the factfinder finds by clear and convincing evidence that the parent has:

(D) knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child;

(E) engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child; [or]

. . .

(O) failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child[.]

Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (O).

Department has obvious interests in the finality of the trial court's findings supporting parental termination when, as here, those findings are not so intertwined with the endangerment findings to preclude a limited remand. By following the applicable procedural rules, the court's decision and limited remand balance these interests, and I see no reason to proceed otherwise absent conflicting guidance from the high court.

That said, I recognize that this unprecedented scenario raises important questions concerning the proper procedures to be followed in such cases. There are potential issues of mootness of the remaining D and E grounds, as well as questions about the practical effect of any findings on D and E grounds following a new trial, given that the termination of parental rights has been affirmed. From a different perspective, it might be preferable to conceive of the issue as an election-of-remedies problem, whereby this court would delete the D and E findings, and the Department would be entitled either to accept the termination of parental rights on alternate grounds, or to elect a new trial on the entire case, a choice that could be made through a motion for rehearing. *Cf. Boyce Iron Works, Inc. v. Sw. Bell Tel. Co.*, 747 S.W.2d 785, 787 (Tex. 1988). I welcome any guidance from the high court as to how to resolve these thorny and important issues.


/s/     Charles A. Spain
        Justice

The En Banc Court consists of Chief Justice Christopher and Justices Wise, Jewell, Bourliot, Zimmerer, Spain, Hassan, Poissant, and Wilson (Christopher, C.J, concurring; and Spain, J., concurring, joined by Bourliot, J.).

4