# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-23-00233-CV

---

**Camino Real Developers, LLC; Jack Dyer; and Dan Addante, Appellants**

**v.**

**Tim Adkins and RivenRock, LLC, Appellees**

---

### FROM THE 421ST DISTRICT COURT OF CALDWELL COUNTY
### NO. 21-0-359, THE HONORABLE CHRIS SCHNEIDER, JUDGE PRESIDING

---

## D I S S E N T I N G   O P I N I O N

Because I cannot agree with the approach that the Court takes in its analysis or its disposition, I respectfully dissent. In light of the parties' presentation of the issues to this Court, I cannot join in its analysis. I would address the appeal as presented by the parties.[1]

Further, even if the Court correctly reverses the trial court's judgment, I cannot agree with its decision to render judgment. I would remand the case to the trial court for consideration of Adkins and RivenRock's alternative equitable claims. "[A] litigant who has obtained a favorable judgment and has no reason to complain in the trial court is not required to raise an issue regarding an alternate ground of recovery until an appellate court reverses the judgment." *DiGiuseppe v. Lawler*, 269 S.W.3d 588, 603 (Tex. 2008) (citing *Boyce Iron Works,*

---

[1] For example, I would decide as a threshold issue the evidentiary issue raised by Addante and Dyer regarding whether "[t]he Financial Recap Letter is inadmissible parole evidence."

*Inc. v. Southwestern Bell Tel. Co.*, 747 S.W.2d 785, 787 (Tex. 1988)). In this bench trial, Adkins and RivenRock prevailed in their breach of contract claim and thus could not have recovered under quantum meruit, unjust enrichment, or promissory estoppel. *See Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000) ("Generally speaking, when a valid, express contract covers the subject matter of the parties' dispute, there can be no recovery under a quasi-contract theory . . . ."). And because Adkins and RivenRock prevailed on the breach of contract claim, they "ha[d] no reason to complain in the trial court" regarding their alternate theories of recovery by, for example, asking that the trial court issue a conditional judgment that contemplates the reversal of their breach of contract claim on appeal.[2] *See DiGiuseppe*, 269 S.W.3d at 603.

Under the Court's opinion, a litigant who prevails at the trial court is required to argue in favor of her alternative claims—which may be inconsistent with the recovery she was awarded in the trial court—in her appellee's brief to avoid the foreclosure of these claims, even though she prevailed at the trial court on another claim. But an appellee has no duty to even file an appellate brief, let alone raise conditional issues on the possibility that the appeals court decides to reverse the judgment in her favor. *See Thompson v. Buechler*, No. 03-22-00034-CV, 2023 WL 4770427, at *11 n.16 (Tex. App.—Austin July 27, 2023, pet. denied) (mem. op.) ("Appellees are not required to file a brief and do not concede the validity of appellant's points of error by waiving a brief; appellant still bears the burden of establishing reversible error." (quoting *Gonzalez v. Gonzalez*, No. 04-20-00226-CV, 2021 WL 6127931, at *2 n.3 (Tex. App.—San

---

[2] This might be different if the Court concluded that the trial court made findings of fact that are inconsistent with Adkins and RivenRock's alternative equitable claims, such that those claims were foreclosed by the trial court's judgment. But in my view, standard finality language that "all relief not expressly granted herein denied" is not sufficient to conclude that the trial court denied the bases for recovery on the alternative equitable claims on their merits when nothing else in its judgment or findings indicates otherwise.

2

Antonio Dec. 29, 2021, no pet.) (mem. op.))). That places a higher burden on prevailing parties—and appellants in responding to the conditional issues and appellate courts in deciding them—than the Rules of Appellate Procedure contemplate. *See* Tex. R. App. P. 38.1, .2, 47.1; *AmeriPlan Corp. v. Anderson*, No. 05-11-00628-CV, 2013 WL 2157206, at *5 (Tex. App.—Dallas May 20, 2013, no pet.) (mem. op.) (noting that appellant "had fully challenged on appeal only the claim for breach of written contract because that was the only claim addressed in the judgment" and appellant "had not fully challenged all possible grounds of a hypothetical new judgment in favor of [appellee] on one of his possible alternative grounds for recovery"). Thus, for these reasons, I respectfully dissent.

_____

Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Kelly and Theofanis

Filed: April 30, 2025

3