**Affirmed as Modified and Majority and Dissenting Opinions filed April 30, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00089-CV

---

**HAND & WRIST CENTER OF HOUSTON, P.A. AND SCA HOUSTON HOSPITAL FOR SPECIALIZED SURGERY, L.P., Appellants**

**V.**

**REPUBLIC SERVICES, INC., Appellee**

---

**On Appeal from the 164th District Court
Harris County, Texas
Trial Court Cause No. 2010-38689**

---

## DISSENTING OPINION

The majority finds that the trial court committed reversible error because it failed to take into account amounts paid prior to trial in calculating the prejudgment interest. I respectfully dissent.

First, factually, this record does not support the conclusion that the trial court did not take those pretrial payments into account. The jury awarded

appellants Hand & Wrist and SCA damages in the sum of $1,113.14 and $13,017.45, respectively. The jury heard evidence of the pretrial payments and, thus, took them into account. We cannot and do not know how the jury "took the payments into account" in finding the amount of damages. We are not allowed to speculate. *See Drury Sw., Inc. v. Louie Ledeaux #1, Inc.*, 350 S.W.3d 287, 292 (Tex. App.—San Antonio 2011, pet. denied) (holding that as long as the award of damages is within the range of evidence, "a reviewing court is not permitted to speculate on how the jury actually arrived at its award"). What we do know, however, is that because the jury "took the payments into account," the trial court took the payments into account as well when it entered judgment on the jury verdict. Therefore, appellants' appeal and the majority opinion are founded upon an alleged error that cannot be established factually.

Second, again factually, the majority asserts that there is no dispute that Republic "owed contractual damages of $4,028.62 to Hand & Wrist and $15,524.51 to SCA Hospital—which is the sum of the amounts Republic paid before trial and the damages awarded by the jury." Op. 7. This assertion is categorically incorrect, and yet, the remainder of the majority's analysis rests upon the faulty premise. Appellants **claimed** $4,028.62 and $15,524.51 by their original petition. Republic never conceded that it owed $4,028.62 and $15,524.51. Republic disputed that it owed $4,028.62 and $15,524.51. The jury did not find that Republic owed $4,028.62 and $15,524.51. The trial judge did not award $4,028.62 and $15,524.51. And, appellants do not assign error to the failure of the trial court to award $4,028.62 and $15,524.51.

Third, appellants are not entitled to prejudgment interest on $4,028.62 and $15,524.51 as a matter of law. By definition, prejudgment interest is compensation for the lost use of money awarded in the judgment. *See Battaglia v. Alexander*,

177 S.W.3d 893, 907–09 (Tex. 2005). Again, appellants did not obtain a judgment for $4,028.62 and $15,524.51—and they do not complain about the actual damages awarded in the judgment in the amount of $1,113.14 and $13,017.45 But, they want prejudgment interest on a higher amount. The only methodology by which the trial court could have given appellants prejudgment interest on a higher sum is additur, because the sum must be in the judgment. However, it is axiomatic that "[w]e have no authority to employ additur." *Phi Van Cao v. Hardy*, 352 S.W.3d 218, 222 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *see also Cressman Tubular Prods. Corp. v. Kurt Wiseman Oil & Gas, Ltd.*, 322 S.W.3d 453, 462 n.7 (Tex. App.—Houston [14th Dist.] 2010, pet. denied); *Aztec Corp. v. Tubular Steel, Inc.*, 758 S.W.2d 793, 800 (Tex. App.—Houston [14th Dist.] 1988, no writ).

In summary, after the jury trial in this cause, appellants moved for judgment on the jury verdict. The trial court gave appellants a judgment on their jury verdict. Specifically, the trial court used the jury's answers to the pattern jury charge on damages and entered final judgment for Hand & Wrist of $1,113.14 plus prejudgment interest *on that sum* and attorney's fees, also in the amount found by the jury. The final judgment awarded SCA $13,017.45 plus prejudgment interest *on that sum* and attorney's fees, again in the full amount awarded by the jury. The trial court did not have the authority to award prejudgment interest on a higher sum and, therefore, did not err.

/s/     Sharon McCally
          Justice

Panel consists of Justices Frost, McCally, and Busby. (Busby, J., majority).

3