# NO. 12-12-00169-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *REX SMITH AND NANCY SMITH,* *APPELLANTS* | § | *APPEAL FROM THE 294TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *KELLY DAVIS AND AMBER DAVIS,* *APPELLEES* | § | *VAN ZANDT COUNTY, TEXAS* |

## *MEMORANDUM OPINION ON REHEARING*

After considering Kelly and Amber Davis's motion for rehearing, we grant the motion in part, withdraw our opinion and judgment of April 24, 2013, and substitute this opinion and corresponding judgment in its place.

Rex Smith and Nancy Smith appeal the trial court's judgment based on statutory fraud in a real estate transaction in favor of Kelly Davis and Amber Davis. The Smiths raise five issues on appeal. We reverse and render in part and reverse and remand in part.

## BACKGROUND

The Smiths own the Tall Oaks Estates Subdivision in Van Zandt County, Texas. On February 15, 2003, Rex Smith signed a contract with the Davises to allow them to purchase lot 9 of the subdivision for $43,750.00. The Davises were to make monthly payments over the next 180 months for the purchase of the lot. In April 2004, the Davises executed a vendor's lien note and deed of trust made payable to the Smiths, after which the Smiths executed a warranty deed with vendor's lien conveying lot 9 to the Davises. In March 2005, lot 7 in the subdivision became available for purchase. After a meeting between Rex Smith and the Davises, he and the Davises executed another contract in which the Davises agreed to purchase lot 7 for $65,100.00.

The payments the Davises had made to the Smiths for lot 9 were applied to the purchase price for lot 7. Additionally, the Davises reconveyed lot 9 to the Smiths.

Around the end of 2007, the Davises requested that the Smiths give them a deed to lot 7, as they had done on lot 9, so that it could be recorded in the land records of Van Zandt County. Before sending the Davises the requested deed to lot 7, Rex Smith sent a vendor's lien note and deed of trust for the Davises to sign, similar to the vendor's lien note and deed of trust they had signed on lot 9. In response, the Smiths received the following letter from S. Gary Werley, the attorney for the Davises:

January 15, 2008

Rex Smith and wife, Nancy Smith
P. O. Box 536
Eustace, TX  75214

RE:  *Lots # 7 Tall Oaks Estates*
     *Van Zandt County*

Dear Mr. and Mrs. Smith:

I represent Kelly and Amber Davis in reference to the executory contract for Lot #7 of Tall Oaks Estates Subdivision, dated March 22, 2005.

You furnished a Deed of Trust and Promissory Note pursuant to Section 5.081 of the Texas Property Code. The section is only availabe [sic] to the purchaser, who is not responsible for any costs and requires you to execute and record a warranty deed. Also the note is to be equal to the balance owed under the contract-not the contract total.

I inquired about the balance and was informed that you had not furnished the Annual Accounting Statement required by Section 5.077. Pursuant to Section 5.077 (d) you are liable for liquidated damages in the amount of $250.00 a day since January 31, 2006 and $500.00 a day since January 31, 2007 for a total of $273,750.00, limited by the fair market value of the property being $90,000.00.

Please send the sum to me, made payable to Kelly and Amber Davis.

Yours truly,

/s/ S. Gary Werley

S. Gary Werley

The Smiths did not pay the sum demanded by the Davises, and on February 28, 2008, the Davises filed suit against the Smiths alleging numerous statutory violations based on the contract to convey lot 7. Eventually, the case was tried to a jury. The jury made findings in favor of the

Davises allowing for the recovery of damages based on statutory fraud in a real estate transaction under Section 27.01 of the Texas Business and Commerce Code, as well as common law negligent misrepresentation and mutual mistake. The jury also made findings in favor of the Davises under Texas Property Code Sections 5.069 (failure to provide a survey and disclosures concerning whether the property was within a flood plain), 5.070 (failure to provide tax certificates), 5.072 (failure to provide notice that the written agreement is the final agreement of the parties, and that oral agreements were prohibited), and 5.077 (failure to provide annual statements).[1] Before judgment was rendered, the Davises elected to take the relief found by the jury pursuant to Section 27.01 of the Business and Commerce Code pertaining to statutory fraud in real estate transactions. The trial court entered judgment accordingly, and this appeal followed.

### STATUTORY FRAUD IN A REAL ESTATE TRANSACTION

In their first issue, the Smiths contend that the evidence is insufficient to show that Rex Smith had committed statutory fraud against the Davises. In their second issue, the Smiths argue that the evidence is insufficient to support the finding that Rex Smith had actual awareness of the falsity of his representation or promise that the jury had found to be the act constituting statutory fraud. In their third issue, the Smiths contend that there is insufficient evidence to support the award of $33,664.41 as actual damages in favor of the Davises. In their fourth issue, the Smiths contend that there is insufficient evidence to support the jury's award of $30,000.00 as exemplary damages in favor of the Davises. Because these issues are all challenges to the sufficiency of the evidence supporting the jury's affirmative finding of statutory fraud against the Smiths, we consider them together.

Before we begin our analysis, however, we note that in their brief, the Smiths initially frame their issues as challenges to the factual sufficiency of the evidence. But, in the argument section, the Smiths raise challenges to the legal sufficiency of the evidence on the critical issues in the case. For example, the Smiths state that (1) "[t]here was no evidence of a false representation that title could not be delivered at the appropriate time and no demand for immediate transfer of title[,]" (2) "[t]he only fact urged was that Nancy Smith would also have to

---

[1] Because the Davises elected to recover under their statutory fraud theory, none of the other bases for recovery are before us in this appeal.

sign the deed and there was no evidence that she would not do so at the appropriate time[,]" and (3) "[t]here is no evidence of fraud being committed by Rex Smith." A "no evidence" challenge is a legal sufficiency challenge, and even though the appealing party frames the issue as one of factual sufficiency, we may examine it under the legal sufficiency standards when raised in the substantive portions of the aggrieved party's brief. *See Johnson v. Oliver*, 250 S.W.3d 182, 185 n.1 (Tex. App.—Dallas 2008, no pet.). Moreover, we liberally construe the issues raised in briefs. *See* TEX. R. APP. P. 38.9; *Ditta v. Conte,* 298 S.W.3d 187, 190 (Tex. 2009). Finally, the Smiths preserved a legal sufficiency challenge in their motion for new trial. *See Aero Energy, Inc. v. Circle C Drilling Co.,* 699 S.W.2d 821, 822 (Tex. 1985) (stating motion for new trial is one device for preserving legal sufficiency challenge after jury trial). Therefore, we will address the legal sufficiency of the evidence.

## Standard of Review

When confronted with both a legal and a factual sufficiency challenge, an appellate court must first review the legal sufficiency of the evidence. *Glover v. Texas Gen. Indem. Co.,* 619 S.W.2d 400, 401 (Tex. 1981). In conducting a legal sufficiency review of the evidence, we must consider all of the evidence in the light most favorable to the verdict and indulge every reasonable inference that would support it. *City of Keller v. Wilson,* 168 S.W.3d 802, 822 (Tex. 2005). In determining whether legally sufficient evidence supports the finding under review, we must consider evidence favorable to the finding, if a reasonable fact finder could consider it, and disregard evidence contrary to the finding, unless a reasonable fact finder could not disregard it. *Id.* at 827; *Brown v. Brown,* 236 S.W.3d 343, 348 (Tex. App.—Houston [1st Dist.] 2007, no pet.). However, if the evidence at trial would enable reasonable and fair-minded people to differ in their conclusions, the fact finder must be allowed to do so. *City of Keller,* 168 S.W.3d at 822; *see also King Ranch, Inc. v. Chapman,* 118 S.W.3d 742, 751 (Tex. 2003). When a party attacks the legal sufficiency of an adverse finding on which it did not have the burden of proof, it must demonstrate that there is no evidence to support the adverse finding. *Croucher v. Croucher,* 660 S.W.2d 55, 58 (Tex. 1983); *Bellino v. Comm'n for Lawyer Discipline,* 124 S.W.3d 380, 385 (Tex App.—Dallas 2003, pet. denied). We will sustain a legal sufficiency or "no evidence" challenge if the record shows one of the following: (1) a complete absence of evidence of a vital fact, (2) rules of law or evidence bar the court from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a scintilla, or (4)

4

the evidence establishes conclusively the opposite of the vital fact. *City of Keller,* 168 S.W.3d at 810.

When reviewing an assertion that the evidence is factually insufficient to support a finding, we will set aside the finding only if, after considering and weighing all of the evidence in the record pertinent to that finding, we determine that the credible evidence supporting the finding is so weak, or so contrary to the overwhelming weight of all of the evidence, that the answer should be set aside and a new trial ordered. *Chesser v. LifeCare Mgmt. Servs.*, 356 S.W.3d 613, 619 (Tex. App.—Fort Worth 2011, pet. denied) (citing *Pool v. Ford Motor Co*., 715 S.W.2d 629, 635 (Tex. 1986) (op. on reh'g); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965)). Said another way, when considering the factual sufficiency of the evidence to support an adverse finding on which, as in this case, the appellants did not have the burden of proof, we consider all the evidence and "set aside the [finding] only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *See Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam).

**Applicable Law**

### 1. Elements of Statutory Fraud in a Real Estate Transaction

A plaintiff may recover for statutory fraud in a real estate transaction under Section 27.01 of the Texas Business and Commerce Code by establishing the following:

> (1) [a] false representation of a past or existing material fact, when the false representation is
>
>> (A) made to a person for the purpose of inducing that person to enter into a contract; and
>> (B) relied on by that person in entering into that contract; or
>
> (2) [a] false promise to do an act, when the false promise is
>
>> (A) material;
>> (B) made with the intention of not fulfilling it;
>> (C) made to a person for the purpose of inducing that person to enter into a contract; and
>> (D) relied on by that person in entering into that contract.

TEX. BUS. & COMM. CODE ANN. § 27.01(a)(1), (2) (West 2009). A plaintiff establishes a statutory fraudulent inducement claim under Section 27.01 by showing (1) a false representation of the material facts, (2) made to induce a person to enter a contract, and (3) relied on by that person in entering the contract. *See In re Guardianship of Patlan*, 350 S.W.3d 189, 200 (Tex. App.—San Antonio 2011, no pet.). A plaintiff who proves these elements is entitled to recover

actual and exemplary damages from the defendant. ***Hawkins v. Walker***, 233 S.W.3d 380, 391 (Tex. App.—Fort Worth 2007, no pet.).

### 2. Contract to Convey

A purchaser takes title to real property solely through a deed. *See **Stephens Cnty. Museum, Inc. v. Swenson***, 517 S.W.2d 257, 261 (Tex. 1974). An instrument that does not operate as a present conveyance of title to real property is a contract to convey rather than a deed. *See* TEX. PROP. CODE ANN. § 5.002 (West 2004); *see also* 30 Tex. Jur. 3d *Deeds* § 9 (2007). A contract to convey real property contemplates further acts leading up to the actual conveyance of title in the deed. *See* 30 Tex. Jur. 3d *Deeds* § 9; *see also **Cont'l Royalty Co. v. Marshall**,* 239 S.W.2d 837, 840-41 (Tex. Civ. App.—Texarkana 1951, no writ). Before a deed is presented to convey title, it is the purchaser's obligation and responsibility to point out any defects in title, so that the seller may cure them. *See **Mathews v. Caldwell***, 258 S.W. 810, 811 (Tex. Comm'n App. 1924). A purchaser cannot complain of defects in the title if those defects could and would have been cured at closing by the seller. *See **Lieb v. Roman Dev. Co.***, 716 S.W.2d 653, 655 (Tex. App.—Corpus Christi 1986, writ ref'd n.r.e.).

### 3. Duty to Disclose

A misrepresentation may consist of the concealment or nondisclosure of the material fact when there is a duty to disclose. ***Coldwell Banker Whiteside Assocs. v. Ryan Equity Partners, Ltd.***, 181 S.W.3d 879, 888 (Tex. App.—Dallas 2006, no pet.). The duty to disclose arises when one party knows that the other party is ignorant of the true facts and does not have an equal opportunity to discover the truth. *Id.* A seller of real estate is under a duty to disclose any material fact that would not be discoverable through the purchaser's exercise of ordinary care and diligence or that a reasonable investigation would not uncover. *Id*. (citing ***Smith v. Nat'l Resort Communities, Inc.***, 585 S.W.2d 655, 658 (Tex. 1979)).

It is not necessary for a seller when making a contract to convey real estate to reveal the names of everyone who may be in the chain of title. *See **MTrust Corp. N.A. v. LJH Corp***., 837 S.W.2d 250, 254 (Tex. App.—Fort Worth 1992, writ denied). In the absence of an agreement to the contrary, it is unimportant that the vendor's title is bad, or that the land is encumbered at the time the contract is made, if it is made in good faith and he is prepared to convey the title

guaranteed at the time set for performance. *See id.* There is no rule of law that renders it illegal for a person to promise to convey land which he does not own.[2] *See id*.

**Discussion**

In their first issue, the Smiths argue that the evidence is legally insufficient to support the jury's finding that Rex committed statutory fraud against the Davises. The basis of the Davises' claim for statutory fraud was that only Rex, and not Nancy, signed the March 22, 2005 contract to convey lot 7 to them. They reasoned that title to the property was community property and was in both Rex's and Nancy's names; that Rex failed to disclose this to them before they signed the contract; and that Rex's failure to disclose the true ownership of the property was statutory fraud.

We must determine whether there was evidence before the jury which established that (1) Rex made a false representation of a past or existing material fact (2) by nondisclosure when there was a duty to disclose (3) that induced the Davises to enter into the March 22, 2005 contract. The record reveals that the Davises had already signed a virtually identical contract with Rex on lot 9 of the same subdivision. In April 2004, after signing a vendor's lien note and deed of trust, the Davises received a warranty deed with a vendor's lien conveying lot 9 to them. This deed was signed by both Rex and Nancy Smith. On January 13, 2008, after making the trade of lot 9 for lot 7, Rex faxed a vendor's lien note and deed of trust for the Davises to sign before the Smiths provided them with a warranty deed with vendor's lien. The Davises responded by having their attorney send the January 15, 2008 demand letter to the Smiths.[3] Because they did not have a vendor's lien note and deed of trust signed by the Davises, the Smiths did not provide the Davises a warranty deed with vendor's lien for lot 7.

The contract to convey executed on March 22, 2005, by Rex Smith and the Davises stated that when the purchase price and property taxes were paid in full, the Smiths would deliver a general warranty deed conveying lot 7 to the Davises, free and clear of all liens except

---

[2] For executory contracts entered on or after September 1, 2005, the seller is generally required to own the property in fee simple. TEX. PROP. CODE ANN. § 5.085 (West Supp. 2012). The contract in this case was executed on March 22, 2005, which was prior to the effective date of Section 5.085. Therefore, this section does not apply here.

[3] The record includes only a fax cover sheet including a reference that the note and deed of trust were sent. The Davises acknowledge in the demand letter from their attorney that they received the documents. They now deny ever receiving the documents.

those caused by the Davises. Therefore, based upon the express language of the contract, the Davises were not entitled to receive a deed from the Smiths until they had paid the property in full. However, the Smiths were willing to accommodate the Davises, as they had done on lot 9, by providing them with a warranty deed with vendor's lien conveying lot 7 to them if they were willing to execute a vendor's lien note and deed of trust in favor of the Smiths.

The contract also included a clause stating that "Purchaser is advised to either have the abstract covering the real estate which is the subject of this contract examined by and [sic] attorney of purchaser's own selection, or be furnished with or obtain [a] policy of title insurance . . . ." Thus, it was the Davises' duty, according to the express language of the contract, to check the title to determine the ownership of lot 7 and, by implication, who should be named as grantors in the deed.

As the buyers, the Davises had the duty to exercise ordinary care and due diligence to determine the owners of lot 7. *See* ***Coldwell Banker Whiteside Assocs.***, 181 S.W.3d at 888. Conversely, Rex Smith was under no duty when signing the contract to convey to make a disclosure that lot 7 was community property and that Nancy would have to join with him to convey marketable title to the Davises. *See* ***M Trust Corp. N.A.***, 837 S.W.2d at 254. Until the time the Davises actually received the deed to lot 7 without Nancy's signature on it, they would not be in a position to recover damages from the Smiths based on statutory fraud. Because they never signed the vendor's lien note and deed of trust, they never were in a position to receive a deed. Moreover, the record before us indicates that Nancy was prepared to join Rex in signing the warranty deed with vendor's lien once they received the signed vendor's lien note and deed of trust from the Davises.

In summary, irrespective of whether the Davises received the note and deed of trust, the evidence does not show that Rex failed to disclose a fact that should have been disclosed to the Davises. Moreover, a misrepresentation or failure to disclose would not have been actionable until the Smiths presented the Davises a deed without Nancy's signature. Thus, there is legally insufficient evidence that Rex Smith misrepresented the title of the property when he signed the contract to convey lot 7. *See* ***id***. Accordingly, we sustain the Smiths' first issue as to legal sufficiency of the evidence supporting the jury's finding of statutory fraud in a real estate transaction.

When the appellate court sustains a challenge to the legal sufficiency of the evidence, we must render judgment for the appellant on that issue. *See AutoZone, Inc. v. Reyes*, 272 S.W.3d 588, 595 (Tex. 2008). Because we have concluded that the evidence is legally insufficient to support the jury's verdict, we need not address the factual sufficiency of the evidence. *See Glover,* 619 S.W.2d at 401. Moreover, because we have held that the evidence is legally insufficient to support the jury's affirmative finding of statutory fraud, we do not address the Smiths' second, third, and fourth issues related to Rex's actual awareness and damages for fraud. *See* TEX. R. APP. P. 47.1. Nor do we address the Smiths' fifth issue regarding an alleged error in the jury charge. *See id.*

### ELECTION OF REMEDIES

The Davises requested that we remand the case under the election of remedies doctrine in the event that we sustained any of the Smiths' issues and reversed the trial court's judgment.

When a party tries a case on alternative series of recovery and a jury returns favorable findings on two or more theories, the party has a right to a judgment on the theory entitling him to the greatest or most favorable relief. *Boyce Iron Works, Inc. v. Sw. Bell Tel. Co.*, 747 S.W.2d 785, 787 (Tex. 1988). The purpose of the doctrine of election of remedies is to prevent double recovery for a single wrong. *Drury Sw., Inc. v. Louie Ledeaux #1, Inc.*, 350 S.W.3d 287, 293 (Tex. App.—San Antonio 2011, pet. denied).

The jury found in favor of the Davises on multiple alternative theories of recovery. These other theories of recovery included relief awarded under mutual mistake, negligent misrepresentation, and Texas Property Code Sections 5.069, 5.070, 5.072, and 5.077. The Davises did not waive any of their other theories of recovery when they elected to recover under statutory fraud. A remand for a reelection of remedies would enable the Davises to exercise their rights to a judgment on the theory entitling them to the greatest relief, but would not enable them to obtain a double recovery, which is the only purpose for an election of remedies. *See Drury Sw.*, 350 S.W.3d at 293.

Accordingly, we grant the Davises' request that we remand this case to the trial court to allow them to again exercise their election of remedies.

<u>**DISPOSITION**</u>

Because the evidence is legally insufficient to support the jury's finding of statutory fraud in a real estate transaction, we *reverse* the trial court's judgment and *render* judgment that the Davises take nothing on their statutory real estate fraud claim against the Smiths. We *remand* the cause so that the Davises may elect another remedy awarded to them by the jury, and for further proceedings consistent with this opinion.

<u>**JAMES T. WORTHEN**</u>
Chief Justice

Opinion delivered June 5, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

10



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 5, 2013**

## NO. 12-12-00169-CV

**REX SMITH AND NANCY SMITH,**
Appellants
V.
**KELLY DAVIS AND AMBER DAVIS,**
Appellees

---

Appeal from the 294th Judicial District Court
of Van Zandt County, Texas. (Tr.Ct.No. 08-00171)

---

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the trial court's judgment be **reversed** and **rendered** that the Davises take nothing on their statutory real estate fraud claim against the Smiths, the cause **remanded** so that the Davises may elect another remedy awarded to them by the jury at trial below, and that all costs of this appeal are hereby adjudged against the Appellees, **KELLY DAVIS AND AMBER DAVIS**, in accordance with the opinion of this court; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*